UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO.: 5:09-388-KKC

EARL DOUGLAS WILLIAMS *also
known as* Doug Williams,                                                           PETITIONER

v.                                       **OPINION AND ORDER**

EASTERN KENTUCKY CORRECTIONAL COMPLEX,                            RESPONDENT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the objections of the Petitioner, Earl Douglas Williams, to a Report and Recommendation issued by the Magistrate Judge. In her Report and Recommendation, the Magistrate Judge recommends that this Court deny Williams' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

On June 3, 2011, Williams filed objections [DE 30] to the Magistrate Judge's report and recommendation. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

**I.     Background.**

Williams was convicted after a trial in state court of first degree assault for shooting David Gorley.  He was also convicted of being a second degree persistent felony offender.  He was sentenced to 25 years.

Williams asserts eight grounds for granting his petition.  For his first three grounds for relief, Williams argues that the trial court violated his Sixth Amendment right to confront witnesses against him when three witnesses testified as to out-of-court statements made by co-Defendant Steve

Durham who did not testify at the trial. For his fourth ground for relief, Williams argues that his right to confront witnesses was violated when Detective Monte Owens testified as to statements by hospital officials who indicated that the injury sustained by Gorley was caused by a large caliber weapon. For his fifth, sixth and seventh grounds for granting his petition, Williams asserts three claims of ineffective assistance of counsel in the state court proceedings. Williams argues that his trial counsel failed to (1) present mitigating evidence at his sentencing, (2) call exculpatory witnesses at trial and (3) cross-examine Eisenbeis. Finally, Williams argues that the cumulative effect of the errors asserted by him denied him a fair trial.

For the following reasons, the Court adopts the opinion of the Magistrate Judge.

**II.     Analysis.**

**A.      Procedurally Defaulted Claims.**

The Magistrate Judge concluded that two of Williams' claims were procedurally defaulted: his claim of ineffective assistance of counsel for failing to present mitigating evidence at sentencing and his claim that his confrontation rights were violated by Detective Owens' testimony regarding the caliber of the weapon used to injure Gorley. Williams does not object to the Magistrate Judge's conclusion regarding his claim that trial counsel failed to present mitigating evidence at sentencing. Accordingly, the Court finds that claim to be procedurally defaulted.

As to Williams' claim that his right to confrontation was violated by Detective Owens' testimony regarding the caliber of the weapon used to injure Gorley, Williams did raise this issue before the Kentucky Supreme Court. However, that Court noted that Williams did not object to Detective Owens' testimony or otherwise preserve the issue for appellate review. The Supreme Court nonetheless considered the issue under Kentucky Rule of Criminal Procedure 10.26 which

2

provides that:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

The Kentucky Supreme Court determined that the admission of Detective Owens' testimony regarding the weapon caliber did not result in manifest injustice because it was cumulative of Gorley's testimony and of photographs of the wound.

The Magistrate Judge correctly concluded that this claim was procedurally defaulted. In his objections, Williams argues that the Kentucky Supreme Court did review this claim, albeit for palpable error. The Sixth Circuit considers a plain error review by the state appellate court, however, as the enforcement of a procedural default. *Mays v. Chandler*, 2007 WL 2903212, at *16 (E.D. Ky. 2007)(citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir.2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir.2000); *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir.1989)); *Cook v. Webb*, 2007 WL 1309681, at *7 (E.D. Ky. 2007).

Thus, Williams has waived the right to federal habeas review of this issue unless he can demonstrate cause for not complying with the state procedural rule and actual prejudice arising from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Hinkle*, 271 F.3d at 245. Williams does not present any objection to the Magistrate Judge's determination that he failed to establish cause and prejudice or miscarriage of justice. Accordingly, the Court adopts the Magistrate Judge's conclusion on this issue.

    **B.**    **Confrontation Clause Claims.**

Williams asserts that his right to confront witnesses was violated when three witnesses–

Galen Eisenbeis, Detective Monte Owens, and James Wilburn – testified as to out-of-court statements made to them by non-testifying co-Defendant Steven Durham.

The Magisrate Judge concluded that Eisenbeis's testimony regarding what Durham told him did not violate the Confrontation Clause primarily because Durham's statement to Eisenbeis was not testimonial. Williams objects, arguing that Eisenbeis initially made the statement regarding what Durham told him during an interview with Detective Owens of the Kentucky State Police. [DE 30 at 10, 11]. However, the question is whether *Durham's* statement to Eisenbeis was testimonial, not whether *Eisenbeis's* statement to the police was testimonial. Williams puts forth no objection to the Magistrate Judge's conclusion that Durham's statement to Eisenbeis was not testimonial and the Court agrees with the Magistrate Judge's conclusion on this issue.

Williams argues that his right to confront witnesses was violated when Detective Owens testified that Durham told him that Williams was not at Gorley's house the night of the shooting. The Magisrate Judge concluded this testimony did not violate the Confrontation Clause because the testimony was harmless.

In his objections, Williams concedes that Durham's statement to Owens was not prejudicial to him when considered alone. [DE 30 at 14]. However, Williams notes that Owens further testified that another individual had told Owens that Williams *was*, in fact, at the Gorley house on the night of the shooting. Thus, Owens testified, Durham's denial that Williams was there tipped Owens off that "something was amiss."

Williams argues that Owens' testimony that "something was amiss" was damaging. [DE 30 at 14]. However, Detective Owens's testimony regarding his own thoughts that something was amiss was admissible and not subject to a *Crawford* analysis.

4

The Magistrate Judge concluded that James Wilburn's testimony regarding what Durham told him did not violate the Confrontation Clause because it was not testimonial. Wilburn testified that Durham told him that Durham hated Gorley and "if [Gorley] fooled with him, he'd shoot him." The Court agrees with the Magistrate Judge's conclusion that this statement is not testimonial. Williams does not set forth any objections to this conclusion. The Court also agrees with the Magistrate Judge's conclusion that this statement is not inculpatory. It indicates only that Durham hated Gorley and says nothing about Williams.

### C. Ineffective Assistance of Counsel Claims.

As to Williams' two remaining claims of ineffective assistance of counsel, the Magistrate Judge rejected both. The first such claim is Williams' claim that his counsel was ineffective for failing to call witnesses who could have rebutted Bea Shelton's testimony that, on the night of the incident, Delena Smith asked Williams if he thought Gorley was dead and that Williams responded, "Yes, he's a dead man." Shelton also testified that she asked Williams if he really thought he killed Gorley and that Gorley replied, "I've deer hunted too much. He's a dead man."

The state trial court rejected this ineffective assistance claim on the basis that "several of the rebuttal witnesses cited by the defendant were intermittently absent during the conversation that was the subject of Ms. Shelton's testimony." The Kentucky Court of Appeals also rejected this claim noting that Williams "offers no affidavits of witnesses to rebut Shelton's statement."

With his habeas petition, Williams provides three affidavits by individuals all of whom state they were at the homes of Bea Shelton and Delena Smith on the night of the shooting but did not hear Williams make any statements "that would have led me to believe he had shot David Gorley." The affiants further state that they would have testified to that effect in the trial court if they had been

5

called as a witness. These three individuals are Donnie Harp, Erin Harp Durham, and Delena Smith.

The Magistrate Judge determined that the state courts did not err in concluding that, even if the witnesses had testified, Williams had not showed that there is a reasonable probability that the result of the proceeding would have been different.

After the Magistrate Judge entered her Report and Recommendation, the United States Supreme Court decided *Cullen v. Pinholster*, 131 S.Ct. 1388 (April 4, 2011) which holds that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 1398. Accordingly, the Court is not permitted to consider the affidavits in assessing Williams' ineffective assistance of counsel claims. For this reason, the Court denies Williams' request for an evidentiary hearing regarding his counsel's failure to call witnesses to rebut Shelton's testimony.

Further, even if the this Court could consider the affidavits, the Court could not find a reasonable probability that the result of the proceeding would have been different if the affiants had been called as witnesses to rebut Bea Shelton's testimony. As the Magistrate Judge noted, Delena Smith did testify at trial. Thus, in his objections, Williams focuses only on the affidavits of Donnie Harp and Erin Harp Durham. In his objections, Williams attaches another affidavit by Erin Harp Durham in which she rebuts Bea Shelton's testimony and states that Shelton "never tells the truth."

The Court has no basis for finding a reasonable probability that a juror would have believed Erin Harp Durham and Donnie Harp instead of Bea Shelton. Further, Shelton's testimony was not the sole evidence presented against Williams. Gorley, Eisenbeis, and Williams himself testified that Williams went to Gorley's house on the night of the shooting and that Williams had a gun on him. Eisenbeis also testified that Williams stated that he "popped David" and that Gorley was a "dead

man." Further, the prosecution presented evidence that Williams was upset with Gorley on the night of the shooting. Thus, even had Shelton been impeached, the Court could not find a reasonable probability that the outcome of the trial would have been different.

Williams' second ineffective assistance of counsel claim is his claim that his counsel was ineffective for failing to impeach Eisenbeis with prior statements he made. The Magistrate Judge concluded that the Kentucky state courts' decisions on this issue were not contrary to, nor an unreasonable application of, federal law. Williams does not set forth any specific objections to this claim but argues instead that the Magistrate Judge's conclusions on this issue were wrong. The Court agrees with the Magistrate Judge's analysis.

**D.    Other Claims.**

As to Williams' cumulative error argument, he presents no objections to the Magistrate Judge's rejection of this claim. The Court agrees with the Magistrate Judge's analysis of this issue.

Williams may be raising– for the first time in his objections – a sufficiency-of-the-evidence argument [DE 30 at 26]. He did not raise this claim on direct appeal to the Kentucky Supreme Court. Accordingly, it is procedurally defaulted. *See Morningstar v. Haney*, 615 F.Supp.2d 434, 446 (E.D. Ky. 2008). Williams does not attempt to establish cause and prejudice or miscarriage of justice.

Nevertheless, even if this Court were to consider the claim, it fails. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The prosecution presented evidence that Williams went to Gorley's house on the night of the shooting, that Williams had a gun on him at the time, and that he was upset with Gorley. Eisenbeis testified that, after the shooting, Williams stated that he

7

"popped David" and that Gorley was a "dead man." Shelton testified that, after the shooting, Williams stated, "I've hunted deer too much. He's a dead man." A rational juror could have found beyond a reasonable doubt that Williams shot Gorley.

**IV.     Certificate of Appealability.**

Williams has also filed a Motion for a Certificate of Appealability. However, for the reasons stated by the Magistrate Judge, that motion will be denied.

**V.      Conclusion.**

For all these reasons, the Court hereby ORDERS as follows:

(1)     the Magistrate Judge's Report and Recommendation [DE 22] is ADOPTED and INCORPORATED by reference;

(2)     Petitioner's objections to the Magistrate Judge's Report and Recommendation [DE 30] are OVERRULED;

(3)     The United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [DE 19] is GRANTED;

(4)     Petitioner's Petition for Writ of Habeas Corpus [DE 1] is DENIED;

(5)     a Certificate of Appealability SHALL NOT BE ISSUED; and

(6)     Judgment will be entered contemporaneously with this Opinion and Order in favor of Respondent.

Dated this 9th day of August, 2011.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge